**Leslie E. HIGHLEY and Jamie A. Highley**

v.

**UNITED STATES of America.**

No. 3–83–0102–M.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 17, 1983.

Darrell F. Brown, Little Rock, Ark., for plaintiffs.

Lawrence Sherlock, Trial Atty., Civ. Tax Div., U.S. Dept. of Justice, Washington, D.C., Joe B. Brown, U.S. Atty., Nashville, Tenn., for defendant.

MEMORANDUM

MORTON, Chief Judge.

This is an action instituted by the plaintiffs, Leslie E. Highley and Jamie A. Highley, citizens of the Middle District of Tennessee, pursuant to provisions of 28 U.S.C. § 1346(a)(1), 26 U.S.C. § 7422 and 26 U.S.C. § 894 for the recovery of Internal Revenue taxes and interest erroneously or illegally assessed or collected from the plaintiffs by the defendant, United States of America. The tax involved is the 1979 income tax. A similar case is quoted as follows:

The plaintiffs filed a joint federal income tax return for the taxable year 1979, and reported as income the salaries received from the Commission. The plaintiffs paid the tax shown to be due in the amount of $15,984.00.

In 1980, the plaintiffs, filed a claim for refund of taxes paid for 1979 in the amount of $6,760.00, which represents taxes assessed on wages earned from the Commission. The plaintiffs then filed a Waiver of Statutory Notification of Claim Disallowance after receiving a notice from the Internal Revenue Service that their claim for refund would be formally disallowed unless they responded within thirty days. This action was then filed within the applicable limitations period.

The issue before the Court is whether the plaintiffs are exempt from paying federal income taxes on income derived from work on the Panama Canal Commission and are thus entitled to a refund on taxes paid for 1979 in connection with this work.

On September 7, 1977, the United States and the Republic of Panama signed the Panama Canal Treaty and the Treaty Concerning the Permanent Neutrality and Operation of the Panama Canal in order to redefine the control of each country over the Panama Canal. Article III, paragraph 9, of the Panama Canal Treaty provides that the rights and legal status of the United States government operating in the Republic of Panama shall be governed by the Agreement

in Implementation of Article III, which provides in relevant part:

## ARTICLE XV

### Taxation

1. By virtue of this Agreement, the Commission, its contractors and subcontractors, are exempt from payment in the Republic of Panama of all taxes, fees or other charges on their activities or property.

2. United States citizen employees and dependents shall be exempt from any taxes, fees, or other charges on income received as a result of their work for the Commission. Similarly, they shall be exempt from payment of taxes, fees or other charges on income derived from sources outside the Republic of Panama.

3. United States citizen employees and dependents shall be exempt from taxes, fees or other charges on gifts or inheritance or on personal property, the presence of which within the territory of the Republic of Panama is due solely to the stay therein of such persons on account of their or their sponsor's work with the Commission.

4. The Coordinating Committee may establish such regulations as may be appropriate for the implementation of this Article.

Plaintiffs argue that paragraph one (1) above exempts them from payment of Panamanian taxes for income derived from the Panama Canal Commission, while paragraph two (2), in particular the "any taxes" language, exempts them from payment of taxes to the United States for the same income. The Court believes the clear language of Article XV, as well as the Department of State's analysis of Article XV dictate to the contrary.

Under the Court's reading of Article XV, paragraph one (1) sets out the purpose of the article, to exempt the Commission and its employees from payment of Panamanian taxes, fees or other charges on their activities or employ-

ment. Paragraph two (2) then addresses the exemption of *income* from taxation, and paragraph three (3) addresses the exemption of *gifts, inheritance or personal property*. It is perfectly clear to the Court that Article XV was not intended to and does not exempt the payment of income taxes to the United States.

This same conclusion is reached by reading the Report by the Senate Foreign Relations Committee on Executive N, 95th Congress, 1st Session (Executive Report No. 95–12). Part X of the Report contains an analysis of the treaties and implementing agreements which were prepared by members of the treaty negotiating team and which, according to the report, may be considered as authoritative with respect to negotiating background and interpretation. (Report, p. 127.) The analysis of paragraph two (2) of Article XV of the Agreement in Implementation of Article III, on which plaintiffs rely, reads as follows:

> Paragraph 2 exempts United States citizen employees and dependents from the imposition by *Panama* of taxes on income received as a result of their work with the Commission and on income derived from sources outside Panama. Such persons are subject, however, to Panamanian taxation of any income derived from sources outside Panama, other than their employment with the United States Government.

Report, p. 155

*Also, see, Corliss v. United States,* 567 F.Supp. 162 (1983).

There being no genuine issue of material fact and as a matter of law the plaintiffs are not entitled to recover the income tax they seek. Accordingly, and order will be entered dismissing this case.