NIES, Circuit Judge,
with whom RICH and BALDWIN, Circuit Judges, join, concurring.
I concur in the result of the majority decision that United States citizens employed by the Panama Canal Commission are not exempt from United States income taxes by Article XV of the Agreement in Implementation of Article III of the Panama Canal Treaty. A complete reading of the record, the treaty and the Implementation Agreement leads me to conclude that Article XV had no relevance to taxation by the United States of its own citizens. As held in Corliss v. United States, 567 F.Supp. 162, 164 (W.D.Ark.1983):
When taken as a whole, the Court believes the import of Article XV is that the United States seeks to protect its agency, the Canal Commission, and its employees who work for that agency, from taxation by Panama on property or work activities other than private business activities in Panama unrelated to the Commission and property used in these activities.
Accord, Highley v. United States, 574 F.Supp. 715 (M.D.Tenn.1983).
With this understanding of the import of the entire Article, there is no need to construe the words “any taxes” in paragraph 2 other than literally. One need simply identify the Article by the title, “Taxation by the Republic of Panama,” rather than “Taxation” simpliciter.
With respect to the late filed concurrence by the Panamanian government with the interpretation by the U.S. State Department, that evidence was not necessary to the above decisions and is not necessary here. It merely confirms the most reasonable interpretation of the Article.